Order for the court filed by Chief Judge RADER. Opinion concurring in part and dissenting in part filed by Circuit Judge DYK.
ON MOTION TO AFFIRM INJUNCTION OF THE DISTRICT COURT
RADER, Chief Judge.
Defendants-Appellees Caraco Pharmaceutical Laboratories, Ltd. and Sun Pharmaceutical Industries, Ltd. (collectively, “Caraco”) move for summary affirmance of the injunction of the United States District Court for the Eastern District of Michigan pursuant to the Supreme Court decision in Caraco Pharmaceutical Laboratories, Ltd. v. Novo Nordisk A/S, - U.S. -, 132 S.Ct. 1670, 182 L.Ed.2d 678 (2012), which reversed this court’s judgment and remanded for further proceedings. Plaintiffs-Appellants Novo Nordisk AJS and Novo Nordisk, Inc. (collectively, “Novo”) oppose. Caraco replies. For the reasons set forth below, this court affirms-in-part and modifies-in-part the District Court’s injunction.
Novo argues that two issues remain to be resolved by this court on remand: (1) whether Novo’s current use code is “correct”; and (2) whether the district court erred in issuing a mandatory injunction requiring Novo to reinstate its prior use code.
This court finds, in light of the admitted facts in this case, that the Supreme Court decision forecloses any argument that Novo’s use code is “correct.” The Court held that the counterclaim provided by 21 U.S.C. § 355(j)(5)(C)(ii)(I) can be used “to force correction of a use code that inaccurately describes the brand’s patent as covering a particular method of using the drug in question.” Caraco, 132 S.Ct. at 1675. The Food and Drug Administration (“FDA”) has found Novo’s current use code covers all three FDA-approved methods of using repaglinide. Id. at 1679; see Novo Nordisk A/S v. Caraco Pharm. Labs., Ltd., 601 F.3d 1359, 1363 (Fed.Cir.2010). It is undisputed that Novo’s U.S. Patent No. 6,677,358 (“'358 patent”) claims only one of those three approved methods of use. Caraco, 132 S.Ct. at 1678-79; Novo, 601 F.3d at 1364. Thus, the current use code inaccurately describes Novo’s patent as covering two FDA-approved methods of using repaglinide that the '358 patent admittedly does not cover. Caraco, 132 S.Ct. at 1688 (holding “Caraco may bring a counterclaim seeking to ‘correct’ Novo’s use code ‘on the ground that’ the '358 patent ‘does not claim ... an approved method of using the drug’ — indeed, does not claim two ”) (emphasis added) (quoting 21 U.S.C. § 355(j)(5)(C)(ii)(I)).
This court reviews a district court’s grant of a permanent injunction and the scope of that injunction for abuse of discretion. Joy Techs., Inc. v. Flakt, Inc., 6 F.3d *768 770, 772 (Fed.Cir.1993). The counterclaim statute provides that the remedy is “an order requiring the holder to correct or delete the patent information submitted by the holder” to the FDA. 21 U.S.C. § 355(j)(5)(C)(ii)(I). Damages are prohibited. Id. § 355(j)(5)(C)(ii)(III).
The District Court entered an injunction on September 25, 2009, which provided:
Novo Nordisk is hereby directed by mandatory injunction under 21 U.S.C. § 355(j)(5)(C)(ii)(I)(bb) to correct within twenty (20) days from the date of this Order and Injunction its inaccurate description of the '358 patent by submitting to FDA an amended form FDA 3542 that reinstates its former U-5I6 listing for Prandin and describes claim 4 of the '358 patent in section 4.2b as covering the “use of repaglinide in combination with metformin to lower blood glucose.’’
Novo Nordisk A/S v. Caraco Pharm. Labs., Ltd., 656 F.Supp.2d 729 (E.D.Mich.2009) (emphasis added).
The relevant FDA regulations make the branded company responsible for drafting appropriate use codes and submitting them to the FDA. See 21 C.F.R. § 314.53(c)(2)(ii)(P) (describing information to be submitted on FDA Form 3542 for each method-of-use patent). The company must certify under penalty of perjury “that this is an accurate and complete submission of patent information.” FDA Form 3542, Part 6.1. In this context, an appropriate order granting relief under 21 U.S.C. § 355(j)(5)(C)(ii)(I) will give the branded company the opportunity to draft its own corrected use code.
The use code offered by the branded company must not “sweep more broadly than the patent.” Caraco, 132 S.Ct. at 1683 n. 7. Rather, the use code must accurately describe “the patented method of use” — i.e., the approved method of use claimed in the patent. 21 C.F.R. § 314.53(c)(2)(ii)(P)(3) (emphasis added). Here, the '358 patent claims “[a] method for treating non-insulin dependent diabetes mellitus (NIDDM) comprising administering to a patient in need of such treatment repaglinide in combination with metformin.” '358 patent, claim 4. An appropriate use code therefore must be limited to use of “repaglinide in combination with metformin” to treat NIDDM.
This court holds that while the District Court was correct in issuing an injunction requiring correction of Novo’s use code listing for the '358 patent, it abused its discretion in dictating the precise terms of the use code to be submitted on FDA Form 3542. To be clear, it is appropriate for district courts to construe the scope of the patent claims and provide clear limits on the appropriate scope of the corresponding use code. Within those limits, the branded company is given the opportunity to propose the specific language of the use code. Therefore, this court modifies the injunction as follows to permit Novo to draft an appropriate use code in light of the guidance above. Contrary to the dissent’s concerns, this holding does not give Novo unbounded discretion to propose a new overbroad use code. If the revised code offered is overbroad, the district court has the power to correct the error. Therefore,
It Is Ordered That:
Novo Nordisk is hereby directed by mandatory injunction under 21 U.S.C. § 355(j)(5)(C)(ii)(I)(bb) to correct within twenty (20) days from the date of this Order and Injunction its inaccurate description of the '358 patent by submitting to FDA an amended form FDA 3542 for Prandin that accurately describes the scope of claim 4 of the '358 patent in section 4.2b. The description *769 shall be dearly limited to use of repaglinide in combination with metformin to treat non-insulin dependent diabetes mellitus.